USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/1/13_

## CONSENT JUDGMENT

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>OXYCONTIN ANTITRUST LITIGATION<br><br>PURDUE PHARMA L.P. and<br>GRUNENTHAL GMBH,<br><br>    Plaintiffs and Counterclaim Defendants,<br>v.<br><br>WATSON LABORATORIES, INC. - FLORIDA,<br>and ANDRX LABS, LLC<br><br>    Defendants and Counterclaim Plaintiffs. | 04-md-1603 (SHS)<br><br>This document relates to:<br><br>C.A. No. 13-civ-00762 (SHS) |

### CONSENT JUDGMENT
### BETWEEN
### PURDUE PHARMA L.P., AND GRUNENTHAL GMBH AND WATSON
### LABORATORIES, INC. - FLORIDA, AND ANDRX LABS, LLC

On consent of Purdue Pharma L.P., and Grunenthal GmbH and Watson Laboratories, Inc. - Florida, and Andrx Labs, LLC, and as settlement of this action between and among those parties, PURDUE PHARMA L.P., a limited partnership organized and existing under the laws of the State of Delaware, having a place of business at One Stamford Forum, 201 Tresser Boulevard, Stamford, Connecticut 06901, and GRUNENTHAL GMBH, a company organized and existing pursuant to the laws of the Federal Republic of Germany, with its registered office at Zieglerstraße 6, 52078 Aachen, Federal Republic of Germany ("Grunenthal"

Civil Action No. 13 Civ. 00762 (SHS)

and, together with Purdue, the "Plaintiffs") and WATSON LABORATORIES, INC. - FLORIDA, a corporation organized and existing under the laws of the State of Florida, having a registered office at 4955 Orange Drive, Davie, Florida 33314, and ANDRX LABS, LLC, a limited liability company organized and existing under the laws of the State of Delaware, having a place of business at 4955 Orange Drive, Davie, Florida 33314 (individually and collectively, "Watson") (the Plaintiffs and Watson being sometimes referred to herein individually as a "Party" and collectively as the "Parties"), it is Ordered, Adjudged and Decreed as follows:

1. Terms used in this Consent Judgment and not otherwise defined shall have the meanings ascribed thereto in the Settlement Agreement, dated as of April 25, 2013, by and among Purdue and Watson (the "Settlement Agreement").

2. U.S. Patent No. 8,309,060 (the "'060 Patent") is valid and enforceable with respect to the Watson ANDAs and any products described therein and will be valid and enforceable with respect to any other ANDAs and Section 505(b) applications filed by or on behalf of Watson after the Signing Date which reference the Purdue NDAs (any such ANDAs and applications are herein referred to as "New ANDAs") and any products described therein. The products described in the Watson ANDAs infringe the '060 Patent. Nothing contained in this paragraph 2 shall be deemed to confer any rights on any party other than the Parties and their Affiliates.

3. Unless otherwise expressly permitted pursuant to the terms of the Settlement Agreement, Watson agrees that it will not market, sell, distribute, participate in the profits of or indemnify others for infringement with respect to any product described in any ANDA or Section 505(b)(2) application that references the Purdue NDAs until the Terminal Date.

4. Except as provided for or may be agreed to in writing by the Parties in the Settlement Documents, from and after April 25, 2013, Watson, including any of its successors and assigns, and any of its or their respective officers, agents, servants, employees and attorneys and those persons in active concert or participation with Watson, are enjoined from infringing the '060 Patent, with respect to the Actavis Products or any other product described in any New ANDA; provided, however, that the provisions of this paragraph shall not apply following the Terminal Date or as otherwise provided in the Settlement Agreement.

5. Watson's Counterclaims are dismissed with prejudice.   Further, Watson waives any possible antitrust or other claims against the Plaintiffs based on conduct or events that have occurred prior to the date of entry of this Consent Judgment relating to the '060 Patent, as well as any claims or counterclaims that could have been pleaded in Civil Action No. 13-civ-00762 (SHS) (the "Action").

6. Notwithstanding anything in this Consent Judgment to the contrary, but consistent with the proviso of this paragraph 6 and paragraph 21 of the Settlement Agreement, nothing set forth in this Consent Judgment shall be deemed to prevent Watson from (i) making, having made, using, importing, selling or offering for sale any product which does not infringe the '060 Patent and (ii) performing any act protected by 35 U.S.C. § 271(e)(1), provided, however, that nothing set forth in this Consent Judgment is intended to license or authorize Watson to engage in any of the activities described above in this paragraph 6 or otherwise to make, have made, use, import, sell or offer for sale any product, in any case, unless specifically permitted and authorized by Section 1 of the Patent License Agreement between Purdue and Watson or Section 2.1 of the Distribution and Supply Agreement between Purdue and Watson, as applicable, and the Plaintiffs reserve all of their respective rights to assert a claim of patent

infringement for any of such activities and seek all remedies available to it at law or in equity with respect to such claim.

7. Except for the rights, agreements and covenants specifically granted pursuant to the Settlement Documents, no other right, written or oral license or sublicense, covenant not to sue, waiver or release or other written or oral authorization is or has been granted or implied by this Consent Judgment. No activity by Watson with respect to the making, having made, using, offering to sell, selling, shipping, distributing or importing of any (a) Actavis Product or (b) any other pharmaceutical product or ingredient, shall constitute an authorized sale unless it is expressly permitted and authorized under Section 1 of the Patent License Agreement or Section 2.1 of the Distribution and Supply Agreement, as applicable; and no determination that any patent rights of the Plaintiffs in the '060 Patent or any other intellectual property have been terminated or exhausted may be based on any activity by Watson whatsoever unless and solely to the extent that such activity relates to a sale of Actavis Products expressly permitted and authorized under Section 1 of the Patent License Agreement or Section 2.1 of the Distribution and Supply Agreement, as applicable.

8. Except as the Parties have heretofore expressly provided for in writing, by virtue of this Consent Judgment, all claims and demands for relief prayed for by the Plaintiffs and Watson in the Action are deemed to be satisfied.

9. Subject to the provisions of the Settlement Documents, in addition to remedies for contempt of this Consent Judgment which the Plaintiffs or Watson, as the case may be, has, in the event of breach or violation by the other party of the terms of this Consent Judgment, the non-breaching party is entitled to specific performance, or appropriate injunctive relief against the breaching party with respect to the breaching conduct solely upon a showing of a likelihood

of success of establishing that such a breach occurred. The Parties agree that jurisdiction and venue for such an action exists in this District Court, and waive any and all defenses based on personal jurisdiction, subject matter jurisdiction and venue.

10. This Consent Judgment is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and the Action is hereby dismissed without costs or attorney's fees, save that this District Court shall retain jurisdiction over the Action, including without limitation, over implementation of, or disputes arising out of, this Consent Judgment or the settlement of the Action. A prevailing party shall be entitled to recover attorneys' fees in any such proceeding occurring after the entering of this Consent Judgment in which the case is found to be an exceptional one.

11. The provisions of the Consent Judgment and the Settlement Documents do not prevent Watson from submitting and maintaining a "Paragraph IV Certification" that complies with 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (including as amended or replaced) and pursuant to 21 C.F.R. § 314.94(a)(12)(v) (including as amended or replaced) with respect to the '060 Patent until the License Termination Date.

[remainder of this page intentionally left blank]

Civil Action No. 13 Civ. 00762 (SHS)

Civil Action No. 13 Civ. 00762 (SHS)

Consent Judgment Signature Page

By: _____  By: _____

Civil Action No. 13 Civ. 00762 (SHS)

Civil Action No. 13 Civ. 00762 (SHS)

Consent Judgment Signature Page

By: _____         By: John W Bateman

Civil Action No. 13 Civ. 00762 (SHS)

Pablo D. Hendler
Sona De
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
212 596-9000

Robert J. Goldman
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303
650-617-4000

*Attorneys for Plaintiff Purdue Pharma L.P.*

By: *Stephen D. Hoffman*

Stephen D. Hoffman
WILK AUSLANDER LLP
1515 Broadway, 43rd Floor
New York, NY 10036
212-981-2309

Joann M. Neth
Basil J. Lewris
Jennifer H. Roscetti
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
202-408-4000

Anthony C. Tridico
Avenue Louise 326, Box 37
Brussels, Belgium B-1050
011 32 2 646 03 53

*Attorneys for Plaintiff Grunenthal GmbH*

Steven J. Lee
Brian J. Robinson
KENYON & KENYON LLP
One Broadway
New York, NY 10004
212-425-7200

John W. Bateman
1500 K Street NW
Washington, D.C. 20005
202-220-4200

*Attorneys for Defendants
Watson Laboratories, Inc. - Florida and
Andrx Labs, LLC*

May 1, 2013

SO ORDERED

SIDNEY H. STEIN
U.S.D.J.